UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON, No. 753595,

        Plaintiffs,                Case No. 22-cv-10660
                                                    Hon. Matthew F. Leitman

v.

UNKNOWN SERMINSKI, ET AL,

        Defendants.
_____/

## ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYING FEES AND COSTS AND SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE

Darren Johnson is a Michigan prisoner presently incarcerated at the G. Robert Cotton Correctional Facility. Johnson filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint asserts that two MDOC Corrections Officers are responsible for the May 26, 2021, loss of some of Johnson's personal property—including his tennis shoes and a large quantity of food—when he was transferred to a hospital for surgery. He further asserts that three additional MDOC Defendants wrongfully rejected his grievances regarding the incident. Johnson claims that he cannot stop thinking about the wrongful loss of his property, causing him severe chest pain and headaches, and therefore posing an imminent danger of serious physical harm. Johnson seeks declaratory and injunctive relief, as well as damages.

1

Johnson filed an application to proceed without prepayment of the filing fee. The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). See also *In Re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute, 28 U.S.C. § 1915(a), provides prisoners the opportunity to make an initial partial filing fee and pay the remainder in installments. *See Miller v. Campbell*, 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

Under the PLRA, a federal court may dismiss a case if on three or more previous occasions a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. See, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999). The three strikes provision of the PLRA prohibits a prisoner who has had three prior suits dismissed for being frivolous from proceeding in forma pauperis in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young*, 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

A search of federal court records indicates that Johnson has filed at least three civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Three of Johnson's previous cases were dismissed as frivolous or for failure to state a claim. *See Johnson v. Kuehe*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-12543 (E.D. Mich. Aug. 2, 2012); *Johnson v. Quist*, No. 2:12-cv-11907 (E.D . Mich. July 10, 2012). Several more cases of his were dismissed under § 1915(g) due to Johnson's three "strikes." *See Johnson v. Mark, et al.*, No. 2:17-cv-10232 (E.D. Mich. Feb. 28, 2017); *Johnson v. Pallas, et al.*, No. 1:17-cv-1016 (W.D. Mich. Feb. 7, 2018); *Johnson v. Miller, et al.*, No. 1:17-cv-884 (W.D. Mich. Dec. 7, 2017); *Johnson v. Kinder, et al.*, No. 2:16-cv-12698 (E.D. Mich. Aug. 23, 2016); and *Johnson v. Hulet, et al.*, No. 1:13-cv-837 (W.D. Mich. Oct. 7, 2013).

Johnson does not allege any facts that would establish that he is in imminent or specific danger of future serious injury. Thus, he does not come within the imminent-danger exception to § 1915(g). Johnson asserts that he cannot stop thinking about the loss of his personal property, and that his thoughts have resulted in severe chest pain and headaches – posing a serious threat to his physical health. "'Allegations that are conclusory, ridiculous, or clearly baseless are [] insufficient for purposes of the imminent-danger exception.'" *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)(quoting *Taylor v. First Med. Mgmt.*,

508 F. App'x 488, 492 (6th Cir. 2012)). In the same vein, courts have held that generalized allegations of stress-induced potential future health risks – very much like Johnson's allegations here – are insufficient to show that the prisoner is facing imminent danger. *See Jackson v. Simon*, 2022 WL 304552 (W.D. Mich., Feb. 7, 2022) (collecting cases). Johnson's complaint does not satisfy the imminent-danger exception to § 1915(g).

Johnson's application to proceed without fees and costs is therefore denied, and the case will be dismissed without prejudice. To proceed with this action, Johnson must file the entire $350.00 filing fee and $52.00 administrative fee. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997).

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's in forma pauperis status is **DENIED** and the case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
